NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3218


ELADIO S. CAMACHO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


Eladio S. Camacho, of Ridgecrest, California, pro se.

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3218

ELADIO S. CAMACHO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831090199-I-1.

_____

DECIDED:  December 14, 2009

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Mr. Eladio Camacho appeals from a final decision by the Merit Systems Protection Board (Board) affirming the decision of the Office of Personnel Management (OPM) that Mr. Camacho's Civil Service Retirement System (CSRS) annuity benefits were properly recomputed to eliminate credit for his military service when he became eligible for Social Security benefits.  For the reasons discussed below, we affirm.

BACKGROUND

Mr. Camacho served on active duty in the United States Navy from January 25, 1967, to November 26, 1975, and thereafter worked for the Navy as a civilian from June 8, 1976, until he retired on January 3, 1995.  Upon retirement, Mr. Camacho

began receiving CSRS annuity benefits for both his military and civilian service. In August 2008, as Mr. Camacho approached the age of 62, the Social Security Administration (SSA) notified him that he would be entitled to receive Social Security benefits. OPM then notified Mr. Camacho that it would recompute his CSRS annuity to eliminate credit for his military service because Mr. Camacho had not made the required deposit with CSRS that would have allowed him to receive benefits for his military service under both CSRS and the Social Security system.

OPM issued a final decision determining that Mr. Camacho's CSRS benefits were properly recomputed to eliminate credit for his military service, and Mr. Camacho appealed to the Board. In an initial decision, an administrative judge affirmed OPM's decision. Camacho v. Office of Pers. Mgmt., No. SF-0831-09-0199-1-1 (M.S.P.B. Mar. 26, 2009). The Board denied Mr. Camacho's petition for review, and thus the initial decision became the final decision of the Board. Camacho v. Office of Pers. Mgmt., No. SF-0831-09-0199-1-1 (M.S.P.B. June 5, 2009). Mr. Camacho appeals.

DISCUSSION

We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Federal employees retiring after September 7, 1982, such as Mr. Camacho, are not entitled to receive benefits for military service performed after 1956 under both the Civil Service Retirement and Social Security systems unless they deposit an amount equal to 7% of their total post-1956 military pay with CSRS. See Collins v. Office Pers.

Mgmt., 45 F.3d 1569, 1570-71 (Fed. Cir. 1995) (citing 5 U.S.C. §§ 8332(j), 8334(j) (1988 & Supp. V 1993)). If an employee fails to make the deposit, then OPM must recompute their benefits when they become eligible for Social Security, which occurs at age 62.

In general, employees who retire on or after October 1, 1983, must make the required deposit before OPM takes action on their retirement application. See McGrail v. Office of Pers. Mgmt., 78 M.S.P.R. 47, 51 (1998) (citing 5 C.F.R. § 831.2104(a)); see also 5 C.F.R. § 831.2107. However, OPM will extend the deadline if it determines that "an administrative error has occurred such that an employee has not been given proper notice or opportunity to make the deposit before separation." McGrail, 78 M.S.P.R. at 51; see also 5 C.F.R. § 831.2107(a)(1).

Here, it is undisputed that Mr. Camacho elected not to make the 7% deposit before his retirement. Mr. Camacho seeks to make the deposit so that he can have CSRS benefits for his military service reinstated.

The Board sought to determine whether Mr. Camacho might be entitled to an extension of time due to an administrative error as set forth in 5 C.F.R. § 831.2107. Camacho, No. SF-0831-09-0199-1-1, slip op. 4-7 (M.S.P.B. Mar. 26, 2009). Before the Board, Mr. Camacho alleged that OPM had told him that by not making the deposit, he would lose only about $300 to $400 per month from his CSRS annuity, but in fact he lost $700 per month. Id. at 5. The Board reviewed OPM's calculations to determine whether this constituted administrative error. Id. at 5-6. On August 1, 1994, OPM estimated that by not making the deposit, Mr. Camacho would lose about 34.7% of his annuity (a $503 reduction in the projected annuity for his combined military and civilian

service, $1,449), when he became eligible for Social Security. Id. In January 2009, just after Mr. Camacho turned 62, his benefits were reduced by 35.2% ($717 less than the actual annuity for his combined service as of 2009, $2,035). Id. at 6. The Board determined that OPM's "estimate was close enough to enable the appellant to make an informed judgment as to whether or not he should make the military deposit before retiring." Id. The Board concluded that Mr. Camacho failed to show that OPM committed any administrative error. Id. at 7. This conclusion is supported by substantial evidence.

The Board further determined that Mr. Camacho received adequate notice of the consequences of not making the deposit and the deadline for making the deposit. Id. at 6. These determinations are also supported by substantial evidence. On December 19, 1994, Mr. Camacho filled out Standard Form 2801-1 (Certified Summary of Federal Service), which contained Section B explaining that failure to make the deposit would result in a recomputation of annuity benefits upon eligibility for Social Security benefits to eliminate credit for post-1956 service. Id. at 2-3. The importance of the deposit requirement was highlighted in Section E, which instructed readers that "[i]f you have active military service on or after January 1, 1957, for which you have not made a deposit, be sure to read Section B . . . for information on how this decision affects your annuity. You CANNOT change your decision after you retire." Id. Mr. Camacho also filled out OPM Form 1515 Military Service Deposit Election, on which he indicated that he did not wish to make the deposit. Id. at 3. Mr. Camacho asserts that he did not read his retirement papers and that the deposit requirement was not clearly explained to him. However, a "unilateral mistake in signing an unambiguous election

form that notifies the signer of the consequences of election" does not provide grounds for relief. <u>Collins</u>, 45 F.3d at 1573.

Therefore, the Board concluded that Mr. Camacho's annuity was properly reduced when he became eligible for Social Security benefits. This conclusion is in accordance with the applicable laws and regulations. Mr. Camacho did not make the 7% deposit before retirement as required by 5 U.S.C. §§ 8332(j) and 8334(j), and he did not establish administrative error entitling him to an extension of the deadline under 5 C.F.R. § 831.2107(a)(1). Because the Board's decision in accordance with law and supported by substantial evidence, we affirm.

COSTS

No costs.